IN THE UNITED STATES DISTRICT COURT OF KANSAS
KANSAS CITY

**Ann Funderburke,**
on behalf of herself and all
others similarly situated,

                      Plaintiff,

vs.

                      Case No. 12–CV–2221 JAR/DJW

**MIDLAND FUNDING LLC,**
                      Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY TRIAL COURT PROCEEDINGS TO ALLOW DISCOVERY**

**I.  DISCOVERY IS WARRANTED**

Unlike many parties that seek to compel arbitration, Midland Funding LLC is not a party to any arbitration agreement. Instead, it seeks to compel arbitration based upon a purchase contract that it refuses to produce in discovery[1] as well as relies on affidavits from third parties. Further Midland attached and quotes from a "sample" credit card agreement it purports to be the agreement between the parties. Once again, as the threshold showing, Midland alleges that Exhibit A-6 (Doc. 18-1) attached to its Motion is the contract to arbitrate between Plaintiff and predecessors in interest.

---

[1] Midland has produced a "Bill of Sale," but said document does not contain any terms of the sale or what rights if any that were acquired nor does it establish that the CitiBank entity listed in the Bill of Sale had any authority to transfer any interest as it was not the original creditor.

1

As can be seen, Midland was not named in the arbitration agreement. If in fact, Midland was actually named in the agreement and if Midland did not already avail itself of the court system when it obtained judgments against Plaintiff and the putative class, its cost savings arguments that discovery relating to arbitration is too burdensome may be persuasive. Yet, Midland is not a party to any agreement with Plaintiff and it made the decision to rely on affidavits in an attempt to prove it can compel arbitration. The fact that Midland offered the testimony of the affiants establishes that it considers their testimony crucial to the motion to compel and is basically a concession that discovery is needed. Just because Midland was able to gather the discovery it sought informally, does not take away from the fact that Midland relied on discovery from third parties to support its motion to compel arbitration. Plaintiff should be allowed to do the same.

Further, the testimony Midland attached to its motion is outside the knowledge of Plaintiff such that Plaintiff should be allowed to depose the affiants to verify that they have the required knowledge as well as to establish the limits of their knowledge. The need to depose the affiants is especially urgent as it appears that none of the affiants actually worked at any of the companies that they are testifying about.[2] Instead, one affiant works at a company related to Midland, who obviously cannot have knowledge of anything prior to any purported assignment. The other affiant is employed by a company that is a successor of original creditor that may or may not have been in the chain of title.

---

[2] Midland submitted the affidavit of Kyle Hannan, an employee of Midland's servicer Midland Credit Management Inc. (hereafter MCM). Plaintiff should be allowed discovery to determine how Mr. Hannan would have any knowledge about how Associates National Bank (Delaware) did business 12 years earlier or whether Exhibit A was sent to Plaintiff. Similarly, Sabrina Stewart, an employee of Citibank N.A. offers no more evidentiary value on this issue. She is an employee of another alleged successor of the successor of Associates National Bank (Delaware). She provides no more knowledge or foundation. Once again, Ms. Stewart adds another layer of complication and lack of knowledge by pointing out that Citibank (South Dakota) N.A., the alleged successor of interest of Associates National Bank (Delaware), was merged with Citibank N.A. in July 2011.

How these persons obtained the information in their affidavits is very important to determine whether Midland can even make a prima face case for arbitration.

As argued in Plaintiff's motion to stay and for discovery, courts have refused to allow Midland to enforce arbitration clauses because discovery has revealed holes and defects in Midland's chain of title arguments. Presumably in response to those decisions, Midland is desperately trying to prevent Plaintiff from looking behind the curtain in order to prevent Plaintiff from refuting Midland's arguments and illustrating the same holes in Midland's chain of title arguments. In response, Midland contends that Plaintiff has all the information she needs without answering Plaintiff's concerns as to the sample documents or the persons who purport to testify about such. Yet, it is not until the curtain is pulled back that Plaintiff will be able to prove that the discovery relied on by Midland is insufficient just as in *Webb v. Midland Credit Management, Inc.,* No. 11 C 5111, 2012 WL 2022013 (N.D. Ill. May 31, 2012). As pointed out in Plaintiff's motion, MCM and Midland attempted to defeat a Fair Debt Collection Practices Act class action by moving to compel arbitration pursuant to an original credit card agreement. This fact pattern is very familiar. Midland alleged that Webb incurred a debt to Citibank N.A. ("Citibank"), and subsequently the debt was assigned multiple times to various debt collection entities prior to landing with Midland Funding.

The *Webb* court denied defendants' motion because discovery revealed the affidavits Midland submitted were not based on the personal knowledge of the assignments necessary to show an unbroken chain of assignment entitling Midland to enforce the arbitration provision of the original agreement. Plaintiff expects discovery

3

would reveal a similar lack of knowledge for the affidavits submitted by Midland in this case.

Even the cases Midland cites as authority show the need for preliminary discovery in this case. In *Gottesburen v. Midland Funding LLC* (Douglas County, Kansas District Court case 2011-CV-444), Midland filed a motion to enforce an arbitration agreement that Chase Bank, its predecessor in interest, had previously agreed not to enforce in *Ross v. Bank of America NA, et al.*, No. 05-CV-7116. MDL No. 1409 (S.D. N.Y.). In spite of Gottesburen's argument that the original creditor agreed not to enforce arbitration prior to the transfer and the original creditor could not transfer anything more than it had, Midland was allowed by the court to enforce the arbitration agreement. In that case, the court ruled that "The Court finds that Defendant has failed to present any relevant, admissible evidence that *her* Card member Agreement was modified or amended to remove the Arbitration Clause" by showing the mailing of the specific revocation rider to Gottesburen by the original creditor (Doc. 18-4, ¶8 at 9).[3] As such, Ms. Funderburke should be given an opportunity to obtain and present evidence to refute Midland's assertions. In fact, discovery revealed that Defendant Midland Funding's submissions in a similar case were lacking, which resulted in the court denying the motion to compel arbitration.

At a minimum, *Gottesburen v. MCM* and *Webb v. MCM* show the need to allow Plaintiff to conduct discovery to defend herself. The court in *Webb* found the following compelling: "Moreover, when asked at his deposition whether he had any information about what records Sherman Originator and LVNV maintain and how Sherman

---

[3] It is this same mailing of Defendant's Exhibit A that appears to be un-provable by affidavits from persons who with no personal knowledge whether the "sample" credit card agreement containing the arbitration provision was ever mailed to Ms. Funderburke by Associates National Bank (Delaware) 12 years earlier.

4

Acquisition keeps its records, Minford responded no or that he did not know. (See Minford Dep. 21:11–18; 31:1–25.) Thus, by his own admission, Minford is not qualified to testify as to the process by which Sherman Originator, LVNV, and Sherman Acquisition created and maintained Exhibits A through D." The same appears true for Mr. Hannan.[4] As such, Plaintiff should be given the opportunity to test the personal knowledge of the affiants as well as examine the chain of assignment.

Therefore Plaintiff requires discovery as to (1) the actual records that Midland claims support its argument that there is a valid arbitration agreement that was sent to Plaintiff, including the actual purchase agreement relating to any debt of Plaintiff; (2) whether Mr. Hannan or Ms. Stewart are qualified to testify to those records or the facts that they claim to have knowledge of; and (3) the relationship between Midland and the original creditor because the resolution of Midland's motion to compel arbitration will almost certainly require the Court to decide whether Midland, who is not a party to the agreement, has any rights to enforce the agreement and whether it is even the actual assignee or merely an independent contractor retained to collect the debt.[5]

---

[4] The lack of ability to conduct discovery was glaring in the court's ruling in *Olnick v. Fuling*, another case attached to Midland's motion (Doc. 18-4 at 11). In that case, the court adopted Midland's assertions because the "plaintiff offers nothing to the contrary." (Doc. 18-4 at 19.)

[5] *See e.g. Mims v. Global Credit and Collection Corp.*, 803 F. Supp. 2d 1349, 1355 (S.D. Fla. 2011)(Denied motion to compel arbitration because the contract with the debt collector expressly stated the debt collector agreed to perform the debt collection services as an independent contractor and disclaimed any notion that it was an agent or authorized representative of the debt buyer.); *Butto v. Collecto Inc.*, 802 F. Supp. 2d 443, 449 (E.D.N.Y. 2011) (Denying motion to compel arbitration of debt collector and holding: "In the Court's view, the disavowal of both agency and control in the collection agreements nullifies Collecto's assertion that these agreements could form the basis for finding that an agency relationship existed.")

## II. <u>CONCLUSION</u>

As indicated above, there are many issues and problems with Midland's attempt to enforce a Card member agreement's arbitration and class waiver provisions beyond the scope of this motion. However, as suspect as Midland's evidence supporting that Exhibit A is binding on the Plaintiff, Plaintiff should be able to conduct discovery as to (1) the actual records that Midland claims support its argument that there is a valid arbitration agreement that was sent to Plaintiff, including the actual purchase agreement relating to any debt of Plaintiff; (2) whether Mr. Hannan or Ms. Stewart are qualified to testify to those records or the facts that they claim to have knowledge of; and (3) the relationship between Midland and the original creditor Midland should not be able to make unsupported and completely self-serving statements that are taken without question by both the Plaintiff and the Court at face value. "The court must consider the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party." *Tickanen v. Harris & Harris Ltd.*, 461 F. Supp. 2d 863, 866. Therefore, if the Court were to adhere to that standard, it only seems logical that the non-moving Plaintiff should have an opportunity to discover the veracity of that evidence that is only within the possession and knowledge – or not – of Midland Funding.

Dated this September 28, 2012.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
AJStecklein@gmail.com
CDKugler@yahoo.com
Attorneys for Plaintiff


and

By: /s/ Keith J. Keogh
Keith J. Keogh, *pro hac vice*
Keogh Law Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois  60606
Telephone:  312-726-1092
Facsimile:  312-726-1093
Keith@Keoghlaw.com
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically filed with the United States District Court and a copy of the Notice of Electronic Filing of the above document was transmitted via e-mail this September 28, 2012, to:

Thomas M. Martin
Joseph E. Bant
Lewis, Rice & Fingersh LC
1010 Walnut Street, Suite 500
Kansas City, Missouri 64106
Attorneys for Defendant

/s/ A.J. Stecklein
Attorney for Plaintiff