**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANN FUNDERBURKE, on behalf of herself and all others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| vs. ) | **Case No. 12-2221-JAR-DJW** |
| )<br>) | |
| **MIDLAND FUNDING LLC,** ) | |
| )<br>**Defendant.** )<br>) | |

**MEMORANDUM AND ORDER**

This is a class action originally filed in the District Court of Wyandotte County, Kansas. Plaintiff Ann Funderburke alleges that Defendant Midland Funding, LLC ("Midland") improperly obtained judgments against her and others similarly situated as the assignee of a credit card debt. Plaintiff alleges that the judgment was improper because Midland was not licensed to collect supervised loans under Kansas law, and, therefore, the debt was unenforceable. Plaintiff further claims that Midland violated the Kansas Consumer Protection Act by representing to Plaintiff that the debt was enforceable. The case was removed on April 17, 2012, under the Class Action Fairness Act of 2005. On August 3, 2012, Defendant filed a Motion to Compel Arbitration (Doc. 17), relying on a mandatory arbitration clause in the debt contract upon which it previously obtained judgment.

Plaintiff has not yet responded to the motion to compel arbitration. Instead, Plaintiff filed a Motion to Stay Briefing on Defendant's Motion to Compel Arbitration and Stay Trial Court Proceedings to Allow Discovery (Doc. 19). This motion is fully briefed and the briefing on the motion to compel arbitration has been abated pending disposition of this motion for discovery.

In her motion for discovery, Plaintiff seeks: (1) the actual records that Defendant claims support its argument that there is a valid arbitration agreement that was sent to Plaintiff; (2) whether declarants Kyle Hannan or Sabrina Stewart are qualified to testify to those records or the facts for which they claim to have knowledge; and (3) the relationship between Defendant and the original creditor, because the resolution of the motion to compel arbitration will require the Court to decide whether Midland, who is not a party to the agreement, is the actual assignee or merely an independent contractor retained to collect the debt. As described more fully below, the Court finds that Plaintiff's discovery requests are overly broad and not necessary to enable her to oppose the motion to compel arbitration.

Plaintiff's first request is for the "actual records" upon which Defendant supports its position that a valid arbitration agreement was sent to Plaintiff. Plaintiff fails to meaningfully limit this request, but appears to seek documents supporting the authenticity of the card member agreement attached to Defendant's motion to compel arbitration. But Defendant has repeatedly provided this information to Plaintiff.[1] Defendant sent Plaintiff the documents attached to its motion to compel arbitration prior to filing the motion, including the card member agreement upon which it relies. Plaintiff challenges the authenticity of this document in her motion for discovery, arguing that Midland cannot show that it is the same card member agreement sent to Plaintiff by the original creditor. But this is an argument that is appropriate in response to the motion to compel arbitration, and Plaintiff is presently equipped to advance that argument without discovery. Moreover, Plaintiff does not explain what further documentation she seeks from Midland, and the Court is not prepared to allow for discovery that is neither limited nor

---

[1] *See* Doc. 25 at 4 n.2; Doc. 19 at 2; Doc. 18, attach. 1–4.

tailored.

Plaintiff's next discovery request relates to Declarants Kyle Hannan and Sabrina Stewart. Hannan is an employee of Midland's servicer. His declaration is submitted to establish that the card member agreement was sent to Plaintiff by the original creditor. Stewart, an employee of Citibank, a successor bank to the original creditor, is also offered to lay foundation that the card member agreement attached to the motion to compel arbitration is valid and binding between these parties. Plaintiff contends that she must be allowed to discover the basis upon which these witnesses have personal knowledge of the facts set forth in their declarations, because they did not work for the original creditor at the time the card member agreement was sent to Plaintiff. But Plaintiff's motion concedes that further discovery is not necessary to make this point when she argues, "Midland provides no competent evidence that the sample card member agreement from Associates National Bank (Delaware) is applicable to the Account at issue here." Again, Plaintiff is equipped to make these evidentiary objections to the declarations in her response to the motion to compel arbitration.

Finally, Plaintiff seeks discovery about the relationship between Defendant and the original creditor in order to determine whether Defendant is an actual assignee or an independent contractor that merely services the loan. Plaintiff relies on *Webb v. Midland Credit Management, Inc.*,[2] a case in which the Northern District of Illinois considered a motion to compel arbitration brought by the same defendant. The card member agreement in *Webb* had been assigned four times and the plaintiff defeated the motion to compel arbitration by establishing that the defendants were unable to show an unbroken chain of assignment that

---

[2] No. 11 C 5111, 2012 WL 2022013 (N.D. Ill. May 31, 2012).

allowed them to stand in the shoes of the original assignor.[3] The plaintiff successfully argued that the defendants failed to lay the necessary foundation that the card member agreement and supporting documents were business records through the testimony of a qualified witness.[4] The witnesses did not have personal knowledge about the recordkeeping procedures for each of the assignee business entities that created the exhibits in support of the motion to compel arbitration.[5] Unlike *Webb*, this case involves only one assignment. As the proponent of the evidence, Defendant must establish foundation. And to the extent Defendant is unable to lay the requisite foundation for the exhibits it submitted in support of the motion to compel arbitration, the Court finds that Plaintiff can advance this argument without additional discovery.

The Court finds that the parties' arguments on the motion for discovery essentially go to the merits of the motion to compel arbitration: whether Defendant is able to establish the requisite foundation for the card member agreement that contains the arbitration clause. The Court declines to stay briefing on that motion and grant discovery on the scale requested by Plaintiff. Her arguments on the motion for discovery make clear that she is able to oppose the motion to compel arbitration without eliminating "the cost and time-saving benefits of arbitration."[6] Therefore, the motion to stay and for discovery is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay Briefing on Defendant's Motion to Compel Arbitration and Stay Trial Court Proceedings to

---

[3] *Id.* at *5.

[4] *Id.* at *4–5.

[5] *Id.* at *5.

[6] *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM, 2012 WL 1193183, at *2 (D. Kan. Apr. 10, 2012) (denying motion to stay for discovery on arbitration issue where broad discovery was not necessary to determine the merits of the underlying motion to compel arbitration).

Allow Discovery (Doc. 19) is **denied**.  Plaintiff shall respond to the Motion to Compel Arbitration within fourteen (14) days.

**IT IS SO ORDERED**.

Dated: October 15, 2012

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE